# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| | ) Case No. 90-CR-074-002-GKF |
| v. | ) |
| | ) USM Number: 06464-062 |
| PAUL RICHARD JASTRZEMBSKI, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is defendant's motion to reconsider (Dkt. # 221). Defendant moves this Court to reconsider its order denying his motion for reduction of sentence.

In January 1991, defendant was sentenced after pleading guilty to a single count charging Conspiracy to Manufacture, to Possess with the Intent to Distribute, and to Distribute Methamphetamine, in violation of 21 U.S.C. § 846. The Court found defendant conspired to possess and distribute 9.072 kilograms of methamphetamine, resulting in a base offense level 34. The Court applied a two-level enhancement for possession of firearms and a two-level reduction for acceptance of responsibility, for a total offense level 34 and a guideline sentencing range of 262 to 327 months. See PSR at ¶ 49. The Court sentenced defendant to 300 months in the custody of the Bureau of Prisons.

In November 2014, defendant moved for reduction of sentence pursuant to § 3582(c)(2) and Amendment 782 (Dkt. # 218). The Court denied defendant's motion, finding it did not have jurisdiction to consider a reduction of sentence because the retroactive guideline did not lower the base offense level for offenses involving 9.072 kilograms of methamphetamine. See Order (Dkt. # 220). Defendant moves to reconsider, arguing the Court retains jurisdiction based on two

factors unique to his case. First, defendant notes that, subsequent to his sentencing, the Sentencing Commission revised the drug quantity table in § 2D1.1(c) to increase the base offense level to level 36 for offenses involving 9 kilograms of methamphetamine, then Amendment 782 lowered the base level for this quantity back to level 34. Defendant argues this unique circumstance – the subsequent increase in the base level, constitutes an ex post facto violation in that the revision effectively increased defendant's guideline calculation by two levels, thereby affording the Court jurisdiction to reconsider his sentence under § 3582(c)(2). Secondly, defendant argues he was sentenced under the pre-Booker mandatory sentencing scheme and that under the now advisory authority a district court may, when considering a § 3582 motion, apply 18 U.S.C. § 3553(a) factors and, at the very least, impose a sentence of 262 months, the low end of the guideline range calculated under total offense level 34. Finally, defendant references General Order 14-4, the order setting forth local procedures by which § 3582 cases are administered, arguing the plaintiff filed no response opposing defendant's motion.

There are clear and significant differences between original sentencing proceedings and sentence modification proceedings. Unlike original sentencing proceedings, in which a district court must make a host of guideline application decisions in arriving at a defendant's applicable guideline range and then impose a sentence after reviewing the § 3553(a) factors, proceedings to modify a term of imprisonment previously imposed are much more limited in character. Section 3582(c)(2) authorizes a district court to reduce the term of imprisonment only if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The applicable policy statements issued by the Sentencing Commission are set forth in § 1B1.10 and provide, in pertinent part, that "proceedings under 18 U.S.C. § 3582(c)(2) . . . do not constitute a

2

full resentencing of the defendant." USSG § 1B1.10(a)(3). Further, a district court, in determining whether, and to what extent, a reduction in sentence is warranted, "shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1). Thus, modification proceedings under § 3582(c)(2) are much more narrow in scope than original sentencing proceedings. The events described by defendant do not constitute an ex post facto violation. An infraction occurs when a defendant is sentenced under advisory Guidelines promulgated after he committed his offense and the new version provides a higher applicable sentencing range than the version in place at the time of the offense. Peugh v. United States, 133 S.Ct. 2072 (2013). Defendant's offense concluded in February 1990 and he was sentenced in January 1991 using the November 1990 Guidelines Manual. There is no ex post facto violation. Even if defendant's argument was valid, a § 3582(c)(2) proceeding is not the means to seek remedy. The Court correctly determined that a reduction of sentence is not authorized by § 3582(c)(2) because the retroactive amendment does not have the effect of lowering defendant's guideline range. Unless a basis for resentencing a defendant falls within § 3582(c)(2), a district court lacks jurisdiction to consider a defendant's request to change a sentence. See United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997).

Defendant also points to the effects of Booker as a basis to reconsider his sentence. However, the Booker decision does not give courts retroactive authority to change sentences, and § 3582(c)(2) does not come into play until there has been a change in the Guidelines in defendant's favor. Thus, defendant's contention that a district court may, under his circumstance, consider Booker and § 3553(a) factors, is erroneous. See Dillon v. United States, 130 S.Ct. 2683 (2010) (held that under § 3582(c)(2) the Sentencing Commission's policy

statements in USSG § 1B1.10 are binding on district courts and limit their authority to grant motions for reduction of sentences). Dillon made clear that proceedings under § 3582(c)(2) are neither sentencing nor resentencing proceedings, and that neither Booker's constitutional nor remedial holdings apply to such proceedings. See also United States v. Rhodes, 549 F.3d 833, 839 (10th Cir. 2008) ("Booker simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)."). Accordingly, any argument that changing the Guidelines to an advisory sentencing arrangement grants this Court discretion to reconsider defendant's sentence has been settled. It does not.

Finally, defendant misinterprets General Order 14-4. The order makes clear that the United States need only file a motion objecting to a reduction of sentence in cases where a defendant is eligible for a sentence reduction. See G.O. 14-4, at ¶ 2. Since defendant is not eligible for a sentence reduction, the United States was under no obligation to oppose defendant's motion.

For reasons stated herein, this Court is without jurisdiction to reconsider its order denying defendant a reduction of sentence under 18 U.S.C. § 3582(c)(2).

**IT IS THEREFORE ORDERED** that defendant's motion to reconsider (Dkt. # 221) is denied.

**IT IS SO ORDERED** this 7th day of October, 2015.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT